**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PIERO A. BUGONI,                                )
                                                )
                       Petitioner,              )
                                                )
            v.                                  )        Civil Action No.   25-03966 (UNA)
                                                )
                                                )
JOSEPH B. EDLOW                                 )
*In his official capacity*,                     )
                                                )
                                                )
                       Respondent.              )

**<u>Memorandum Opinion</u>**

The court is in receipt of Piero A. Bugoni's pro se Petition for Writ of Mandamus and his application to proceed *in forma pauperis* ("IFP"). The court grants the IFP application and dismisses the petition.

Petitioner "works in Specialty Occupations, for hire, as a W2 Employee, as director of and worker for a sole person corporation, . . . and occasionally as an unincorporated Sole Proprietor." Pet. at 2 ¶ 7. He states he "is aggrieved" by the "irreparable displacement in employment and loss of lucrative business . . . caused by the H1B Visa Program since at least 2008." *Id*. Petitioner seeks to compel Respondent Edlow, as Director of the United States Citizenship and Immigration Services, "to perform a mandatory duty owed to the Public on Constitutional grounds, and in abatement of criminal activity connected to the H1B Visa Program." *Id*. at 3 ¶ 8. Petitioner asserts that "foreign entities and nationals" are abusing government programs, which "is adversely affecting Americans." *Id*. ¶ 9. He posits that Respondent has a "a non-discretionary duty to keep [such] unlawful conduct . . . from happening in the first place." *Id*. ; *see id*. at 4 ¶ 12 (concluding

that "Official capacity to cease criminal activity connected to H1B Visa abuse is wholly Respondents").

The mandamus statute confers upon federal district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is "an option of last resort," *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023) (citation omitted), that is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). If "all three of these threshold requirements" are not met, the court must dismiss the petition for lack of subject-matter jurisdiction. *Ferriero*, 60 F.4th at 714. "In other words, mandamus jurisdiction under § 1361 merges with the merits." *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (cleaned up).

A "court may properly issue a writ of mandamus only if the duty to be performed is ministerial and the obligation to act peremptory and clearly defined." *Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (cleaned up). Whether to investigate the criminal activity alleged "is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Petitioner's vague assertions do not establish a clear right to relief or a clear duty on Respondent to act. The court therefore dismisses the case, by separate order.

_____/s/_____<br>
AMIR H. ALI<br>
United States District Judge

Date: April 1, 2026